UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

CocoVaa, LLC
1 Sherman Terrace
Madison, Wisconsin 53704,

       Plaintiff,

  v.

Case No. 17-cv-579

MARS, INCORPORATED
6885 Elm Street
McLean, Virginia 22101,

       Defendant.

**COMPLAINT FOR DECLARATORY RELIEF**

Plaintiff CocoVaa, LLC ("CocoVaa Chocolatier"), by counsel, brings this action against Defendant Mars, Incorporated ("Mars"), for a judgment declaring that CocoVaa Chocolatier's COCOVAA trademark does not infringe Mars' COCOAVIA trademark, and for other relief. For its complaint, CocoVaa Chocolatier alleges as follows:

**INTRODUCTION**

1.     CocoVaa Chocolatier is a Madison, Wisconsin start-up business, and the producer of high-quality chocolate confections branded COCOVAA. CocoVaa Chocolatier seeks a declaratory judgment to obtain relief from ongoing threats of trademark litigation by Mars, a multinational corporation with tens of thousands of employees and billions of dollars of annual

sales. Mars alleges, inter alia, that consumers are likely to mistakenly assume that CocoVaa Chocolatier's COCOVAA luxury confections are supplied by, or somehow otherwise connected to, the same provider as Mars' COCOAVIA nutritional supplement, and that COCOVAA therefore infringes COCOAVIA. Mars already sued CocoVaa Chocolatier for such alleged infringement in the Eastern District of Virginia, a forum which is distant and inconvenient for CocoVaa Chocolatier. That lawsuit was dismissed without prejudice for lack of personal jurisdiction. CocoVaa Chocolatier has reason to believe that Mars seeks to again file suit in a distant, inconvenient, and improper venue.

## NATURE OF THE ACTION

2.    The claims asserted in this Complaint arise under the Lanham Act of the United States, 15 U.S.C. § 1125, et seq., and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and are brought for a declaration by this Court that CocoVaa Chocolatier has not infringed and is not infringing Mars' trademark COCOAVIA because the marks are not confusingly similar.

## PARTIES

3.    CocoVaa, LLC ("CocoVaa Chocolatier") is a Wisconsin limited liability company having its sole place of business at 1 Sherman Terrace in Madison, Wisconsin, which is in the Western District of Wisconsin. CocoVaa, LLC's sole member and owner, Syovata Edari, is a Wisconsin resident.

4.    Defendant Mars, Inc. ("Mars") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 6885 Elm Street, McLean, Virginia 22101.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332, because the underlying claims arise under the federal Lanham Act, 15 U.S.C. § 1121, and the parties have diverse citizenship. An actual controversy exists between CocoVaa Chocolatier and Mars as to which CocoVaa Chocolatier requires an immediate and definitive declaration of its rights by this Court, and other relief.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because the underlying events giving rise to the trademark infringement claim occurred in this judicial district. Alternatively, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3), because Mars is engaged in substantial business activities in the state of Wisconsin and this judicial district.

7. This Court has personal jurisdiction over Mars because it is engaged in substantial business activities in the state of Wisconsin and this judicial district.

## FACTUAL BACKGROUND

a. <u>CocoVaa Chocolatier</u>

8. CocoVaa Chocolatier is a small artisanal award winning luxury chocolate company with no employees other than the owner. CocoVaa Chocolatier was founded in 2016 as a confectionary business to make chocolate indulgences and confections such as premium luxury handmade truffles, bon bons, bars, barks, mousse, caramels, and other confections. All of these goods are sold under CocoVaa Chocolatier's COCOVAA brand. CocoVaa Chocolatier caters to consumers seeking high quality artisanal "fine" chocolate indulgences, as opposed to mass-produced industrial candy or nutraceuticals. Despite its recent emergence in the fine chocolate

industry, CocoVaa Chocolatier has already won several gold, silver and bronze medals in the International Chocolate Salon for its luxury caramels and artisanal bars.

9. CocoVaa Chocolatier produces its fine COCOVAA chocolates and other artisanal confections from its small production kitchen at 1 Sherman Terrace in Madison, Wisconsin. CocoVaa Chocolatier's production kitchen is less than 400 square feet. Its biggest-selling products are its chocolate bars, truffles, bon bons and caramels. CocoVaa Chocolatier does not produce anything that would qualify as a health-enhancing foodstuff, and its products are arguably the opposite – confectionary indulgences. Images of its products are shown below:



10. CocoVaa Chocolatier is currently only open for retail sales on Saturdays of each

week, and provides other services to the local community, including chocolate-making workshops in its production kitchen. All of CocoVaa Chocolatier's production, workshops, and most retail sales are currently in Madison, Wisconsin. CocoVaa Chocolatier is a startup that is mainly geared towards building its consumer base locally.

11. The COCOVAA mark is registered to CocoVaa LLC in the United States Patent and Trademark Office ("USPTO") under registration number 5,160,782, for use in connection with "Candy; Caramels; Chocolate Candies; Chocolate Fondue; Chocolate Mousse; Toffee; Brittle; Chocolate Confections, Namely, Bonbons, Bars, Barks, Chocolate Covered Nuts, Chocolate Covered Coffee Beans, Drinking Chocolate; Confectioneries, Namely, Snack Foods, Namely, Chocolate; Filled Chocolate." *See* Exhibit A.

12. CocoVaa Chocolatier's selection of the COCOVAA mark is based on the name and cultural heritage of its owner, Syovata Edari. COCOVAA comes from "coco," a reference to chocolate, and "Vaa," which has been Edari's father's affectionate contraction of her first name, Syovata, which is a traditional Kenyan name. In Edari's father's native tongue, Kikamba, "Vaa" means "here."

b. Mars Symbioscience

13. According to the complaint filed by Mars in its now-dismissed federal action against CocoVaa Chocolatier (the "Virginia Action," *Mars, Inc. v. CocoVaa LLC*, E.D. Va., 17-cv-00346-LO-JFA, filed 03/24/2017), Mars is a global manufacturer of numerous brands which operates in six business segments: Petcare, Chocolate, Wrigley, Food, Drinks, and Symbioscience. *See* Virginia Action Complaint, Exhibit B, ¶9.

14. Mars' COCOAVIA mark is used for its CocoaVia product produced and

marketed by Mars Symbioscience business segment, not its Chocolate, Food, Drinks or Wrigley business segments. Mars Symbioscience CocoaVia products are sold as health and nutritional supplements. In the Virginia Action Complaint, Mars states that "[t]he real health benefits of chocolate come from cocoa flavanols," ¶12, and that "[t]hrough its Symbioscience business segment, Mars has been pursuing extensive research in the area of cocoa flavanols, the beneficial phytonutrients found naturally in cocoa," ¶10.

15. Mars Symbioscience's CocoaVia product only comes in powdered form, in capsules and as packets of powder. Images of Mars Symbioscience CocoaVia product are shown below:



16. The COCOAVIA mark is registered to Mars in the USPTO under registration number 4,179,465, for use in connection with "dietary and nutritional supplements; powdered nutritional supplement drink mix; powdered dietary supplement drink mix; nutritionally fortified beverage mix all made in significant part of cocoa." *See* pg. 2 of Exhibit A of Exhibit B.

c.  The Parties' Dispute

17. By letter dated September 9, 2016, Mars' trademark counsel, Andrew Tsai, sent CocoVaa Chocolatier's owner Edari a cease-and-desist letter asserting that CocoVaa Chocolatier's use of the mark COCOVAA is likely to cause confusion with the COCOAVIA trademark, and insisted that CocoVaa Chocolatier cease and desist use of its mark. *See* pg 2 of Exhibit B of Exhibit B.

18. As a professional courtesy, attorney Craig Fieschko of the Madison law firm Dewitt, Ross and Stevens, S.C. responded to the letter in an email dated September 13, 2016. *See* pg 2 of Exhibit C of Exhibit B. In the email, Attorney Fieschko explained why there is no likelihood of confusion between COCOVAA and COCOAVIA, and concluded by respectfully declining to cease usage of the COCOVAA mark, but inviting further discussion with Mars.

19. CocoVaa Chocolatier did not hear from Mars again until Mars filed suit in federal court in Virginia. On information and belief, Mars chose to file suit in the Eastern District of Virginia because it knew that it would be extremely inconvenient and expensive for CocoVaa Chocolatier to litigate in that district.

20. Prior to filing suit, Mars had the opportunity to initiate an opposition proceeding against the COCOVAA registration while it was pending in the USPTO. The USPTO published the COCOVAA mark for opposition on December 27, 2016, providing Mars with a 30-day period to file an opposition, or to request an extension of the opposition deadline. *See* Exhibit C.

21. Mars neither filed an opposition to the COCOVAA registration nor requested an extension of the opposition period.

22. Without opposition from Mars, the USPTO granted registration of the

COCOVAA mark to CocoVaa Chocolatier on March 14, 2017.

23.     Upon information and belief, Mars intentionally chose to forego less costly opposition proceedings in the USPTO, and chose instead to effectively "steamroll" CocoVaa Chocolatier by filing a federal lawsuit in a far-away jurisdiction where CocoVaa Chocolatier does not conduct business.

24.     As early as December, 2016, even prior to the publication of the COCOVAA mark, Mars hired an investigator from Milwaukee to investigate CocoVaa Chocolatier at its holiday pop-up shop in Milwaukee, Wisconsin, where Edari was selling COCOVAA chocolates with her children. The investigator then followed up by making two purchases via email, and requesting shipment to Virginia. On information and belief, this was done to attempt to manufacture jurisdiction to sue CocoVaa Chocolatier in Virginia.

25.     Two weeks after CocoVaa Chocolatier received its registration of its COCOVAA mark, on March 24, 2017, Mars filed the Virginia Action, alleging that CocoVaa Chocolatier is liable for trademark infringement, and also requesting cancellation of the COCOVAA registration. The Virginia Action named not only CocoVaa Chocolatier as a party, but also its owner, Syovata Edari.

26.     The same week that Mars filed the Virginia Action, Mars also filed a redundant action for cancellation of the COCOVAA registration in the USPTO's Trademark Trial and Appeal Board (TTAB). Owing to the burden and expense of litigating in both federal court in Virginia and in the TTAB, Edari chose to move to stay the TTAB proceeding. The motion was granted, and the TTAB's stay of the cancellation proceeding continues to this day: Mars did not move to lift the stay after the Virginia Action was dismissed, suggesting that Mars intends to

again pursue action against CocoVaa Chocolatier in federal court.

27. CocoVaa Chocolatier was fortunate to find an attorney in Virginia who agreed to serve as local counsel for chocolate, as the cost of otherwise retaining counsel was unaffordable to CocoVaa Chocolatier. Mars made no attempt to communicate with CocoVaa Chocolatier or negotiate a resolution until the Virginia Action received widespread press coverage.

28. Following dismissal of the Virginia Action, CocoVaa Chocolatier has had some communication with Mars' counsel in an effort to resolve the dispute, to no avail. In conversations, Mars' counsel have maintained that the COCOVAA mark is infringing, and that Mars intends to continue litigation.

29. The actions described herein have created an objectively reasonable apprehension that Mars will continue to assert unfounded claims of trademark infringement against CocoVaa Chocolatier and its owner in the future.

d. <u>Lack of Merit to Mars Infringement Claim</u>

30. Mars registered its COCOAVIA trademark in the USPTO for use on dietary and nutritional supplements.

31. Mars' COCOAVIA powder is manufactured and sold by Mars' Symbioscience division, rather than its chocolate, food, or other divisions. The COCOAVIA powder is not sold or marketed as a chocolate, or even as a food; rather, it is marketed as a nutraceutical, with emphasis on its alleged health benefits. The COCOAVIA packaging does not suggest confectionery in any way; it lacks the Mars candy logo, and the name "Mars" only appears in small print at the bottom of its nutritional information panel. The COCOAVIA powder is sold in stores specializing in nutritional supplements, and in the vitamin and nutritional supplement

sections of drugstores.

32. CocoVaa Chocolatier's COCOVAA chocolates and other goods are fine chocolates, sold at a premium price and in a form vastly different from powder, and would in no way be regarded by consumers as nutraceuticals or health-oriented foods. COCOVAA and COCOAVIA therefore exist in completely different commercial spheres, such that consumers encountering one of the COCOVAA and COCOAVIA brands would not assume it to be somehow connected to the other. This lack of likely confusion is enhanced by the distinct spellings and trade dress of the COCOVAA and COCOAVIA goods.

33. On information and belief, Mars knows, or should know, that its infringement claims are without merit. As evidence of this knowledge, CocoVaa Chocolatier refers to Mars' Complaint in the Virginia Action (Exhibit B), wherein Mars deceptively implies that it currently manufactures and sells COCOAVIA "milk chocolate, granola bars, chocolate covered almonds, and ready-to-drink beverages" (Exhibit B, ¶4). On information and belief, these products were discontinued at least six years ago owing to lack of success and a finding by the FDA that the CocoaVia bars were misbranded because their labels bore false or misleading claims that the products promote heart health.[1] Despite the fact that the COCOAVIA brand is only used to sell its powdered supplement, Mars was motivated to misleadingly suggest that it currently sells such goods under the COCOAVIA mark in the hope that this would make the COCOVAA and COCOAVIA goods seem more similar, as they are otherwise drastically different.

34. By granting registration of CocoVaa Chocolatier's COCOVAA mark alongside

---

[1] https://www.fda.gov/downloads/ICECI/EnforcementActions/EnforcementStory/EnforcementStoryArchive/UCM090855.pdf at pg 4-10

Mars' registration of COCOAVIA, the U.S. Patent and Trademark Office (USPTO) has already made a determination that the marks are not confusingly similar, pursuant to 15 U.S.C. § 1052.

e. <u>Need for Declaratory Relief</u>

35. Owing to the filing of the Virginia Action; the concurrent (and redundant) cancellation proceeding in the USPTO (and Mars' lack of action to lift the USPTO's stay of the cancellation proceeding after the Virginia Action's dismissal); and subsequent statements by Mars' counsel implying further action is forthcoming, a live and actual controversy exists between CocoVaa Chocolatier and Mars.

36. The unresolved threat of trademark litigation presents a significant ongoing burden on CocoVaa Chocolatier's ability to conduct her business.

## FIRST CAUSE OF ACTION

(Declaratory Relief from Threatened Lanham Act Suit)

37. CocoVaa Chocolatier realleges each of the preceding paragraphs as though fully set forth here.

38. CocoVaa Chocolatier's use of the COCOVAA mark has not actually caused, and is not likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of either party's mark, goods, or services. The public is not likely to believe, and CocoVaa Chocolatier's use of the COCOVAA mark has no tendency to induce the public to believe, that CocoVaa Chocolatier's confections are provided by, sponsored by, licensed by, affiliated, or associated with, or in some other way legitimately connected to the COCOAVIA nutritional supplement powder sold and marketed by the Symbioscience segment of Mars.

39. CocoVaa Chocolatier's use of the COCOVAA mark has not actually caused, and will

not cause, any damage to Mars.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff, CocoVaa Chocolatier respectfully requests the following relief:

A.	a trial by jury on all of claims so triable;

B.	that this Court declare that the marks COCOVAA and COCOAVIA are not confusingly similar;

C.	that this Court declare that CocoVaa Chocolatier does not infringe, and has not infringed, Mars' COCOAVIA mark;

C.	that this court enjoin Mars from asserting that it has trademark rights sufficient to exclude CocoVaa Chocolatier, its representatives, agents, customers, and/or contractors, present and prospective, from use of COCOVAA on fine confections;

D.	that this court award plaintiff reasonable attorneys' fees and costs incurred in bringing this action; and

E.	such other relief as the Court may deem just and proper.

Dated: July 26, 2017						Respectfully submitted,

							s/Syovata K. Edari
							SYOVATA K. EDARI
							State Bar No: 1032283
							Attorney for
							CocoVaa LLC

Law Office of Syovata K. Edari
2810 Crossroads Drive, Ste 4000
Madison, WI 53718
(414)779-0074
vata@edarilaw.com